ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
BRADLEY A. BAUGHER
Special Assistant U.S. Attorney
ATTN: ATZS-JAE (CPT Bradley Baugher)
Fort Huachuca, AZ  85613-7025
Telephone: 520-533-0580
Email: bradley.a.baugher.mil@mail.mil
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 4:18-CR-00722-N/A-BGM |
| Plaintiff, | |
| vs. | MOTION FOR REVOCATION OF RELEASE AND DETENTION |
| James Alan Springer, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, moves for revocation of the defendant's release in the above-captioned case, pursuant to 18 U.S.C. § 3148(b), and for the defendant to be detained pending trial as a danger to any other person or the community.  The Government respectfully requests that this Court issue a warrant for the defendant's arrest and that a hearing on this motion be set following the defendant's apprehension.

## I.      Relevant Facts.

The defendant was arrested on March 20, 2018 on Fort Huachuca, Arizona for video recording the installation in violation of federal regulations, including specifically an Installation Access Control Point[1].  After his arrest, investigation revealed that the

---

[1] "IACPs are points at the outermost boundary of the [military] installation (or containment area of large installations) where security checks can be performed on personnel, vehicles, and materials before potential threats can gain close proximity to Army assets." *Army Regulation 190-13, Chapter 8, paragraph 8-1(b).*

1   defendant had published his video recording to the internet site YouTube.com where it was

2   viewable to the public.  (Dkt. 5).

3          At his initial appearance on the criminal charges in this Court on June 6, 2018, the

4   Government asked to be heard on detention in light of the facts contained in a report by

5   Pre-trial Services ("PTS") prepared prior to the initial appearance.  In that report, PTS

6   determined that the defendant posed a risk of nonappearance and a danger to the

7   community. (Dkt. 10).   At the hearing, the government argued that the defendant was a

8   danger to the community due to his pending felony matter in another jurisdiction and also

9   his refusal to respect the law as demonstrated by his return to Sierra Vista, Arizona the day

10  prior to his initial appearance in order to again video record Fort Huachuca and publish

11  that recording to the internet. (Dkt. 8).   In addition, the Government argued that the

12  defendant posed a significant risk of non-appearance at subsequent court proceedings based

13  on his previous 19 failures to appear and/or violations of promise to appear, including an

14  active warrant in Arizona based on the foregoing (*Id.*).  Despite the government's objection

15  and PTS' determination, the Court ordered the defendant released on his own personal

16  recognizance with conditions, pending trial in accordance with 18 U.S.C. 3142(a)(1). (*Id.*).

17  One of those conditions was that the defendant not commit any federal, state or local crime.

18  (*Id*. and Dkt. 9).

19         Since his release, the defendant has been arrested twice for committing two crimes

20  under the State of Texas' Penal Code. (Ex. 1 and 2).  First, the defendant was arrested on

21  June 18, 2018 in Leon Valley, Texas for violating Texas Penal Code § 38.15(a)

22  "Interference with Public Duties." (Ex. 1).  According to the police report, the defendant

23  was present at Leon Valley Police Department when an associate of the defendant's was

24  arrested for violating T.P.C. § 42.03 "Obstructing Highway or other Passageway.'' Due to

25  the defendant's close proximity to the incident, and his video recording of it, police told

26  the defendant that he was a witness and his recording device was to be seized as evidence.

27  (*Id.*).  However, when police attempted to retrieve the defendant's camera from his person,

28  the defendant pulled away and moved his recording device in a manner so that police were

1    unable to retrieve it, including positioning his body so that it would make it difficult for
2    police to take control of him. (*Id.*).

3        Second, the defendant was arrested on June 23, 2018 in Leon Valley, Texas for
4    violating Texas Penal Code § 36.06, "Retaliation by Threat." (Ex. 2). An offense under
5    36.06 is a third degree felony under the Texas Penal Code (T.P.C. § 36.06)[2]. According to
6    the police report, on June 23, 2018 at about 5:30 p.m., the defendant was a participant in
7    an anarchist protest while live streaming the protest on the internet media platform
8    YouTube. (Ex. 2). During this live broadcast by the defendant on YouTube, the defendant
9    disclosed the home address of the Chief of Police for Leon Valley, and personal identifying
10   information on the Chief of Police's family, including their names and addresses. *Id.* This
11   act incited viewers to make death threats against the Chief of Police and his family, placing
12   him in fear for his and his family's safety and life, causing them to leave their home and
13   find alternate housing. *Id.* This act is alleged to have been committed by the defendant in
14   retaliation against the Chief of Police, as a public servant, acting in his official capacity
15   due to the defendant's arrest by that police department on 18 June 2018. *Id.*

16   **II.    Law.**

17       The Government moves for this court to revoke the defendant's release and to order
18   the defendant detained pending trial. Not only did the defendant violate his conditions of
19   release by committing a felony, the nature of his arrest for those crimes demonstrates that
20   he poses a danger to the safety of other persons and the community.

21       a. ***The defendant's commission of two crimes, including felony Retaliation by***
22          ***Threat under T.P.C. § 36.06, violates his conditions of release, justifying***
23          ***the issuance of an arrest warrant and a hearing on the revocation of***
             ***release.***

24       A person who has been released under 18 U.S.C. § 3142, and who has violated a
25   condition of his release, is subject to a revocation of release, an order of detention, and a

26

27       [2] A third degree felony under the Texas Penal Code has a maximum punishment of
28   10 years, a minimum of two years, and a maximum fine of $10,000 (Texas Pen. Code
     § 12.34).

1    prosecution for contempt of court.  18 U.S.C. § 3148(a).  Upon the Government's motion,
2    a judicial officer may issue a warrant for the arrest of a person charged with violating a
3    condition of release, and the person shall be brought before a judicial officer in the district
4    in which such person's arrest was ordered.  18 U.S.C. § 3148(b).  Further, to the extent
5    practicable, a person charged with violating the condition of release that such person not
6    commit a federal, state, or local crime during the period of release, shall be brought before
7    the judicial officer who ordered the release and whose order is alleged to have been
8    violated.  (*Id.*)  The judicial officer shall enter an order of revocation and detention if, after
9    a hearing, the judicial officer finds that: A) there is probable cause to believe that the
10   defendant has committed a Federal, State, or local crime while on release; or B) clear and
11   convincing evidence that the defendant has violated any other condition of release; and
12   finds that A) based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or
13   combination of conditions of release that will assure that the defendant will not flee or pose
14   a danger to the safety of any other person of the community; or B) the defendant is unlikely
15   to abide by an condition or combination of conditions of release.  18 U.S.C. § 3148(b).

16        Here, the defendant has been arrested twice since his release pending trial.  His first
17   arrest came just 12 days after his initial appearance before this court, and his second – an
18   arrest for a felony crime - he committed just 5 days after that arrest.  These actions
19   demonstrate the defendant's utter disregard for the order by this court to not commit any
20   crimes pending trial.  They also demonstrate that the defendant is unlikely to abide by any
21   condition or combination of conditions of release in this matter, and he has already violated
22   the most basic condition by committing additional crimes.  The Government therefore
23   respectfully requests that a warrant be issued for the defendant's arrest and a hearing be
24   held by this Court.

25                  *b.  **The defendant should be detained pending trial in this matter as he poses a danger to the safety of other persons and the community.***

26        Pursuant to 18 U.S.C. § 3148(b), the court is instructed to consider the potential
27   danger the defendant poses to the community as one of the primary factors in deciding
28

1   whether to detain a defendant pending trial.  If there is probable cause to believe that, while

2   on release, the defendant committed a Federal, State, or local felony, a rebuttable

3   presumption arises that no condition or combination of conditions will assure that the

4   person will not pose a danger to the safety of any other person or the community.  18 U.S.C.

5   § 3148(b)(2)(b).  *See also United States v. Mackie,* 960 F. Supp. 245 (E.D. La, 1994)

6   (defendant's bond properly revoked under 18 U.S.C. § 3148 and he was returned to

7   custody, where probable cause existed that he committed a criminal act while on pretrial

8   release as § 3148 refers to both physical violence as well as danger that defendant might

9   engage in criminal activity to detriment of community).   "Probable cause under

10  § 3148(b)(1)(A) requires only that the facts available to the judicial officer 'warrant a man

11  of reasonable caution in the belief' that the defendant has committed a crime while on bail."

12  (*United States v. Cook,* 880 F.2d 1158, 1160 (10th Cir. 1989) *citing United States v. Gotti,*

13  794 F.2d 773, 777 (2nd Cir. 1986)).  *See* also *United States v. Quirion*, 808 F. Supp. 2d

14  343, 346 (D.C. Me, 2011) (police report and criminal complaint established probable cause

15  to believe that defendant committed state crime while on release).

16       Here, such a rebuttal presumption exists, as the defendant has been charged with a

17  felony in the State of Texas, and the Government will present evidence at the hearing that

18  there is probable cause that he committed that offense.  Further, the defendant committed

19  not just a single crime, but two separate state offense while on release to this court.  Finally,

20  the nature of those charges demonstrates that the defendant has actively sought out criminal

21  conduct by putting himself in situations similar to those that led to charges in this court.

22  This behavior has also already put members of the public in danger, as it incited death

23  threats against a public official and his family.  The defendant's actions demonstrate that

24  he does not appreciate the gravity of the charges against him, nor his responsibility to obey

25  the law or lawful orders by this court. It appears that the defendant seeks to continue to

26  violate the law and orders of this court and put community members in danger.

27  **III.    Conclusion.**

28

1         Based on the foregoing, the government respectfully requests that a warrant be

2    issued for the defendant's arrest and that a hearing be held on this motion in order to

3    determine that the defendant's release be revoked and that he be detained as a danger to

4    the community.

5        .    Respectfully submitted this 23rd day of July, 2018.

6

7                            ELIZABETH A. STRANGE
                        First Assistant United States Attorney

8                            District of Arizona

9                            *s/Bradley A. Baugher*

10                           BRADLEY A. BAUGHER
                        Special Assistant U.S. Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***Certificate of Service***

*(CM/ECF Administrative Policies and Procedures Manual, §II.D.3)*

*The above signed does hereby certify that, on the above date, he electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):*

Christopher Lamont Barr
Attorney for the Defendant