ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
BRADLEY A. BAUGHER
Special Assistant United States Attorney
ATTN: ATZS-JAE (CPT Bradley Baugher)
Fort Huachuca, AZ  85613-7025
Email: bradley.a.baugher.mil@mail.mil
Phone: (520) 533-0580
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 4:18-CR-00722-N/A-BGM |
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION FOR JUDICIAL NOTICE |
| James A. Springer, | |
| Defendant. | |

COMES NOW, the Plaintiff, by and through its attorneys, Elizabeth A. Strange, First Assistant United States Attorney for the District of Arizona, and Bradley A. Baugher, Special Assistant United States Attorney, and hereby respectfully requests that this Court take judicial notice of the legislative facts contained in each of the sources cited below:[1]

(1) <u>Revised Statutes of Arizona Civil Code</u> (1913), p. 1499-1500 at § 4633 (ceding Fort Huachuca Military Reservation to the exclusive jurisdiction of the United States).

---

[1] "Legislative facts do not normally concern the immediate parties but are general facts which help the tribunal decide questions of law, policy, and discretion." *Marshall v. Sawyer*, 365 F.2d 105, 111 (9th Cir. 1966), *cert denied*, 385 U.S. 1006 (1967) (citation omitted).  Courts may take judicial notice of legislative facts. *E.g., Territory of Alaska v. American Can Co.*, 358 U.S. 224, 227 (1969) (taking notice of the legislative history of a congressional provision).  While legislative facts are not governed by Fed. R. Evid. 201, courts may turn to common law to determine the admissibility of such sources.

(Exhibit 1)

(2) <u>Arizona Revised Statutes</u> § 26-251 (addressing acquisition of lands by the United States for military purposes). (Exhibit 2)

(3) <u>Arizona Revised Statutes</u> § 26-252 (addressing exclusive jurisdiction of the United States over lands acquired for military purposes). (Exhibit 3)

(4) <u>Army Regulation 405-20: Federal Legislative Jurisdiction</u> (Feb 21. 1974), at p. 1, para. 3b & p.2 para. 4a (defining Exclusive Jurisdiction over military installations). (Exhibit 4)

(5) <u>Army Regulation 190-5: Military Police Motor Vehicle Traffic Supervision</u> (May 22, 2006), at p. 2 para. 1-4f (explaining that installation law enforcement officers will "Exercise overall staff responsibility for directing, regulating, and controlling traffic, and enforcing laws and regulations pertaining to traffic control"). (Exhibit 5)

(6) <u>Army Regulation 190-13: The Army Physical Security Program</u> (February 25, 2011), at p. 19, at Chapter 6 (identifying Army installations, facilities, and operations areas of civil works and like projects as restricted areas, by Order of the Secretary of the Army). (Exhibit 6)

(7) 32 C.F.R. § 210, <u>Enforcement of State Traffic Laws on DoD Installations</u>, particularly §§ 210.01-210.03 (authorizing enforcement of state traffic laws on military installations). (Exhibit 7)

(8) DoD Directive No. 5525.4, <u>Enforcement of State Traffic Laws on DoD Installations</u> (Nov. 2, 1981) (including its enclosure) (authorizing enforcement of state traffic laws on military installations). (Exhibit 8)

(9) Executive Order 10104, <u>Defining certain vital military and naval installations and equipment as requiring protection against the general dissemination of information relative thereto</u> (February 1, 1950) at 15 F.R. 597, 3 C.F.R., 1949-1953 Comp., p. 298 (In addition to designating certain military and naval installations in accordance with 18 U.S.C. § 795 and 797, the authority to further designate such installations is also delegated to the

1    Secretary of Defense and Secretaries of each respective military branch, including
2    specifically the Secretary of the Army, by Order of the President of the United States).
3    (Exhibit 9)

4          Exhibits 1-3, of which true and correct copies have been attached to this motion, are
5    public statutes enacted by the legislature of the State of Arizona.  Such documents are
6    proper for the Court to notice pursuant to *Lamar v. Micou*, 114 U.S. 218, 223 (1885) ("The
7    law of any State of the Union, whether depending upon statutes or upon judicial opinions,
8    is a matter of which the courts of the United States are bound to take judicial notice, without
9    pleading or proof."); *see also United States v. Coffman*, 638 F.2d 192, 194 (10th Cir. 1980),
10   *cert denied*, 451 U.S. 917 (1981) ("That the courts are allowed to take judicial notice of
11   statutes is unquestionable.").  The source of the 1913 Arizona statute is a volume published
12   by the McNeil Company.  The University of Arizona Law Library carries this publication,
13   as do many law libraries across the nation.  Furthermore, the exact language of Sections
14   251-53, are currently available on the Lexis database.  Hence, the nature of these
15   documents makes them readily capable of verification and also renders them not
16   reasonably subject to dispute.

17         Exhibits 4-6 and 8, of which true and correct copies have been attached to this
18   motion, are Army Regulations and Department of Defense Directive.  Army Regulations
19   are maintained electronically by the Army Publishing Directorate, a Government agency,
20   at the following Web address, which is accessible to the public:
21   https://armypubs.army.mil/ProductMaps/PubForm/AR.aspx.  Department of Defense
22   Directives are similarly accessible through the Washington Headquarters Services,
23   Executive Services Directorate, Directives Division at:
24   http://www.esd.whs.mil/Directives/issuances/dodd/.  The nature of these documents makes
25   them readily capable of verification and renders them not reasonably subject to dispute.
26   *E.g., Caha v. United States,* 152 U.S. 211, 222 (1894):

27
28       "[W]herever, by the express language of any act of Congress, power is

> entrusted to either of the principal departments of government to prescribe rules and regulations for the transaction of business in which the public is interested, and in respect to which they have a right to participate, and by which they are to be controlled, the rules and regulations prescribed in pursuance of such authority become a mass of that body of public records of which the courts take judicial notice."

*Ex parte Reed,* 100 U.S. 13, 18-19 (1879) ("The Secretary of the Navy is authorized to establish 'Regulations of the Navy,' with the approval of the President. 12 Stat. 565; Rev. Stat., sect. 1547. …. Such regulations have the force of law. *Gratiot v. United States,* 4 How. 80."); *Hopkins v. United States,* 167 Ct. Cl. 1, 11 (1964) (recognizing that Army Regulations "have long been an accepted component of the corpus of military law, subject to judicial notice"); *United States v. Holmes,* 414 F. Supp. 831, 834 n. 3 (D. Md. 1976) (noticing an Army Regulation as "lawfully issued and its contents being capable of being accurately determined by resort to sources whose agency cannot reasonably be questioned" despite the fact that it was not published in the Federal Register).

Exhibit 7, of which a true and correct copy has been attached to this motion, contains sections of the July 1, 2011 printing of the Code of Federal Regulations. The nature of this document makes it readily capable of verification and renders it not reasonably subject to dispute. *See Crimm v. Missouri Pacific Railroad Co.*, 750 F.2d 703, 710 n.3 (8th Cir. 1984) ("The Code of Federal Regulations is a special or supplemental edition of the Federal Register, 44 U.S.C. § 1510 (1982), and therefore may be judicially noticed under the Federal Register Act, 44 U.S.C. § 1507."); *cf. Wei v. Robinson*, 246 F.2d 739, 743 (7th Cir.), *cert denied*, 355 U.S. 879 (1957) (recognizing the requirement to take judicial notice of the Code of Federal Regulations).

Exhibit 9, of which a true and correct copy has been attached to this motion, is an Executive Order by the President of the United States. The nature of this document makes it readily capable of verification and renders it not reasonably subject to dispute. *See Hamilton v. Paulson,* 542 F. Supp. 2d 37, 52 n. 15 (D.D.C. 2008), *rev'd on other grounds,* 666 F.3d 1344 (D.C. Cir. 2012) (Judicial notice may be taken of public records and government documents available from reliable sources). Executive orders are official

documents, numbered consecutively, through which the President of the United States manages the operations of the Federal Government. The text of Executive orders appears in the daily Federal Register as each Executive order is signed by the President and received by the Office of the Federal Register. The text of Executive orders also appears in the sequential editions of Title 3 of the Code of Federal Regulations. *See Banner Health v. Sebelius,* 797 F. Supp. 2d 97, 112 (D.C. Cir. 2011) (A court may generally take judicial notice of materials published in the Federal Register); 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed . . . ."). *See also Crimm v. Missouri Pacific Railroad Co.*, 750 F.2d 703, 710 n.3 (8th Cir. 1984) ("The Code of Federal Regulations is a special or supplemental edition of the Federal Register, 44 U.S.C. § 1510 (1982), and therefore may be judicially noticed under the Federal Register Act, 44 U.S.C. § 1507."); *cf. Wei v. Robinson*, 246 F.2d 739, 743 (7th Cir.), *cert denied*, 355 U.S. 879 (1957) (recognizing the requirement to take judicial notice of the Code of Federal Regulations).

Based on the foregoing, this Court can and should take judicial notice of each of the documents described above and attached as exhibits hereto.

RESPECTFULLY SUBMITTED this 22nd day of August 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s/ Bradley A. Baugher*
BRADLEY A. BAUGHER
Special Assistant U.S. Attorney

***Certificate of Service***

*(CM/ECF Administrative Policies and Procedures Manual, §II.D.3)*

*The above signed does hereby certify that, on the above date, he electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):*

Tom Higgins,
Attorney for the Defendant