BARTON & STORTS, P.C.
271 North Stone Avenue
Tucson, Arizona 85701
(520) 882-2802
(520) 882-5785 (Fax)
Brick P. Storts, III
lawoffice@brickstorts.com
Arizona State Bar No. 004507
Attorney for Defendant, James Springer

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:CR18-00722 (BGM) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| v. | ) | **DISMISS PURSUANT TO** |
| | ) | ***RULE 12*** |
| JAMES A. SPRINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW the Defendant, JAMES A. SPRINGER, by and through his counsel, BRICK P. STORTS, III, and pursuant to *Rule 12(b)(2)(3)(A)* and *(B),* hereby moves for the charges in this case to be dismissed as a matter of law as applied to the specific facts of this case.

This motion is supported by the following memorandum of points and authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

The Defendant, James A. Springer, has been charged with one count of photographing a defense installation in violation of 18 U.S.C. §795, one count of publication and sale of photographs of defense installations in violation of 18 U.S.C. §797, one count of entering a military, Naval, or Coast Guard property in violation of 18 U.S.C. §1382, and failure to comply with a police officer under Arizona statute A.R.S. § 28-622.

The charges resulted from an incident that occurred on March 20, 2018, when Mr. Springer was outside of the Buffalo Soldiers entrance gate to Fort Huachuca and was filming in the direction of the base. Mr. Springer was at the intersection of Winrow Avenue (an extension of Fry Blvd.) and Buffalo Trail in Sierra Vista, and outside the boundaries of the base.

The Government is lacking in both facts and law to sustain the prosecution of Mr. Springer in this case. The Government is lacking in substantial evidence to prove by any quantum, that the actions of Mr. Springer fall within the statutes for which he has been charged.

## II.

## MOTION PURSUANT TO *FED.R.CRIM.P. 12(b)(2),(3)(A) & (B)*

The Defendant files this motion pursuant to *Fed.R.Crim.P. Rule 12(b)(2)(3)(A)* and *(B)*. Defendant is alleging that the Information charging him of the four crimes

is defective, factually insufficient, and more importantly attempts to enforce certain critical principles that are contrary to the Constitution of the United States.

Defendant submits that this motion is the appropriate pleading to resolve this matter in the following sections that are raised by the Defendant and the allegations of specific issues and facts of error as alleged by the Government in its Information before this Court.

The purpose of this motion is to contest the sufficiency and propriety of the Information that is charging the Defendant with the instant offenses. That is the very basis of a *Rule 12(b)(3)* motion, which is the modern equivalent of a demurrer. *See United States v. Titterington*, 374 F.3d 453 (6th Cir. 2004).

This Court has subject matter jurisdiction over this motion, and the issues raised in the paragraphs that follow. This is original jurisdiction that has been bestowed on the District Court and in this case, the Federal Magistrate Court, an arm of the District Court, by Congress. *See United States v. Eichman*, 756 F.Supp. 143 (S.D.N.Y. 1991), *citing, United States v. Winer*, 323 F.Supp. 604 (E.D.Pa. 1971), purpose of motion to dismiss is to test sufficiency of indictment to charge an offense.

Federal district courts have adjudicatory authority over all offenses against the laws of the United States, however Congress's authority to regulate or criminalize behavior derives solely from the Constitution. *See United States v. Germaine*, 99 U.S. 508, 510 (1878) ("[N]o act of Congress is of any validity which does not rest on authority conferred by [the Constitution]."); *United States v. Lopez*, 514 U.S. 549, 566 (1995), Congress's powers are limited to those enumerated in the Constitution.

The issues the Defendant is raising are numerous, however in the basic sense, the Defendant is alleging that the statutes under which he is being charged, particularly as to the three Federal Statutes involved in Counts 1, 2 and 3 of the Information alleging criminal behavior on his part, falls under the "overbreadth doctrine." That doctrine is normally associated with constitutional attacks based on First Amendment challenges which is precisely what the Defendant is in part raising in this motion.

The First Amendment affords protection to symbolic or expressive conduct as well as to actual speech. *Virginia v. Black*, 538 U.S. 343, 358 (2003). The Supreme Court has held that the Constitution "gives significant protection from overbroad laws that <u>chill</u> speech within the First Amendment's vast and privileged sphere." *Ashcroft v. Free Speech Coalition*, 533 U.S. 234, 244 (2002).

The purpose of the overbreadth doctrine is to protect those persons who, although their speech or conduct is protected, "may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression." *New York v. Ferber*, 458 U.S. 747, 768 (1982). Thus, the overbreadth doctrine is a "limited exception to the traditional rule of standing," which requires that the individual sustain an actual injury as a result of the statute prior to challenging it, *Broadrick v. Oklahoma*, 413 U.S. 601, 611-12 (1973).

There are three ways a defendant may raise an overbreadth challenge. First, a statute can be attacked as facially overbroad if it can be shown that every application of the statute creates an impermissible risk of suppression of ideas. *See*

*Members of the City Council v. Taxpayers for Vincent*, 466 U.S. 789, 796 (1984). *Id.* at 799 (quoting *Broadrick* at 612).

Second, a statute can be challenged as facially overbroad even if it regulates conduct rather than speech, if overbreadth of the statute "is not only real, but substantial as well, as judged in relation to the statute's plainly legitimate sweep." *Broadrick*, 413 U.S. at 615.

The remedy for substantial overbreadth is to totally forbid any enforcement of the statute at issue unless and until a limiting construction or partial invalidation narrows it as to remove the seeming threat to constitutionally protected expression. *Broadrick*, 413 U.S. at 613.

The third type of overbreadth attack is an attack on the statute *as applied* to the facts of the case before the court. "An ordinance which is not overbroad on its face may nevertheless be unconstitutional as applied if it is enforced against a protected activity." *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). The inquiry in an as-applied challenge is therefore whether the defendant's actual conduct is constitutionally protected. *See Board of Trustees of State University of N.Y. v. Fox*, 492 U.S. 469, 482-84 (1989) (as-applied challenge attacks the statute not facially, but as it applies to defendant's conduct); *Bigelow v. Virginia*, 421 U.S. 809, 829 (1975).

The above legal principles and in particular the third attack apply to the issues raised in the Defendant's motion and supported by the facts and specific law that relates to those particular instances of the violation of his due process rights, as a result of the statute either being vague, or the enforcement of same is overbroad and not supported by the facts.

The above Federal legal principles apply to the following sections as argued by the Defendant relating to specific facts and the legal issues of: A. Mr. Springer was not recording the "installation", B. The Defendant was on a public sidewalk, C. The Defendant's free speech right can not be restricted, and D. No notice was given to the Defendant as required by the statute and Army specific Regulations.

### III.

### THE FACTS DO NOT SUPPORT THE CHARGES

### A. MR. SPRINGER WAS NOT RECORDING THE "INSTALLATION."

The Government has charged the Defendant with a violation of 18 U.S.C. §795 that prohibits the recording or photographing of defense "installations." The Department of Defense defines "installation" as being a "facility." 10 U.S.C. §2687(g)(1) defines a military installation as a "base ... or other activity under the jurisdiction of the Department of Defense. Justice Roberts explained in *United States v. Apel*, 571 U.S. 359, 368, 134 S.Ct. 1144, 1150-1151, 186 L.Ed.2d 75 (2014), in a similar situation, that an installation is most naturally considered to be a place with <u>specified</u> and <u>clearly</u> defined boundaries.

Army regulations that govern the security of the base, specifically require that notice be provided to the public, and that security measures include clearly defined outer boundaries. [2011 Army Regulation 190-13; Chapter 6-6; Chapter 6-1(c), Chapter 6-5]; (See Doc. 30, Government's Motion for Judicial Notice with attachments).

6

The Government has ignored the very purpose of having such a statute. The mere entrance to a military base is clearly not filming the "installation" where military personnel are performing specific duties relating to the protection of our country. From where Mr. Springer was standing, he clearly had no view of anything that needed to be protected from the public, nor anything that cannot be seen by merely "Googling" an overhead map/view of the area. The government has not shown, nor can it show, that any of the photography violated the security of Fort Huachuca.

**B.  THE DEFENDANT WAS ON A PUBLIC SIDEWALK.**

The second charge against Mr. Springer falls under 18 U.S.C. §1382, that requires the "entering" onto the military property. Mr. Springer was recording from outside of the entrance, and was not entering the base in order to do his recording.

The undisputed fact is that the Defendant was on public property: a sidewalk. He was not on specific governmental property under the jurisdiction of Fort Huachuca. The Arizona Court of Appeals followed the statutory definition of a "sidewalk" as "that portion of a public right-of-way between the lateral boundary line of the pavement of a street and the adjacent property line." The most crucial point of the definition is that it is defined as a "public right-of-way." *Thomas v. Baker Family Trust*, 191 Ariz. 187, 188 fn. 4, 953 P.2d 931, 932 (1997). Attached is the Google aerial view of the location with the base's boundaries marked by a yellow line. **(Exhibit 1).** The Defendant was standing and filming on the Northwest corner of the intersection. **(Exhibit 2).**

As the Court pointed out in reversing the defendant's conviction in *Flower v. United States*, 407 U.S. 197, 198, 92 S. Ct. 1842, 1843, 32 L. Ed. 2d 653 (1972), whatever authority the base had to restrict general access, it could not choose "to exclude the public from the street where petitioner was arrested." Streets and sidewalks used by the public on a regular basis, did not fall within the authority of the military to prohibit activity. *Id.*

The holding in *United States v. Grace*, 461 U.S. 171, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983), is also dispositive in this case. It deals with the issue of whether a defendant was on government property or public property and/or whether free speech can be restricted under these circumstances.

In *Grace*, the government attempted to assert that reasonable restrictions could be placed on public forum property such as a sidewalk. 461 U.S. at 180. In that case, the property involved the <u>area around the Supreme Court of the United States</u>. The *Grace* court held that the banning of "specified communicative activity on the public sidewalk around the Court grounds cannot be justified as reasonable place restriction." 461 U.S. at 180-181.

In this case, just as in *Grace*, the sidewalks comprising the outer boundaries "are indistinguishable from any other sidewalks" in the city. Thus, there was nothing distinguishing the situation to allow the Supreme Court or Ft. Huachuca in this case, to ban First Amendment activity on that sidewalk. The sidewalks surrounding the grounds, or in this case a public street, were determined to be public forums, and, therefore, the Defendant's actions were fully protected by the First Amendment. *Id.*

8

It is very clear from the video recordings of this incident, that the Defendant was on the sidewalk at the time that he was approached by Police Officer William Fisher, a Civilian Military Police Officer. It can be seen that there was a speed limit sign just to the rear left of Officer Fisher, demonstrating that they were positioned on a public thoroughfare. As Officer Fisher advanced, the Defendant might have backed up some, but was clearly in a direct line with the officer. The speed limit sign rests next to the road on what is an easement, and next to a sidewalk. The "sidewalk" connected two major streets, so that access was unrestricted by any physical or "regulatory" barriers of any type. There is no legal reason to view this sidewalk differently than any other sidewalk that is on public property and is open to the public.

The law in this case, similar to the statute in *Grace*, was enacted to protect the property and grounds of the military base and ensure its security. 461 U.S. at 182. The Government can not, nor will be able to produce any evidence that Mr. Springer ever committed any offense that put the base at risk, or that he was in a position to be able to photograph and/or record any information that was privileged or confidential.

## IV.

### **THE RIGHT TO FREE SPEECH CAN NOT BE RESTRICTED**

Free speech is protected through the First Amendment to the United States Constitution while a person is peacefully picketing, or participating in "expressive activities" in "public places" or "public forums" such as "streets, sidewalks, and parks." *United States v. Grace*, *supra,* 103 S.Ct. at 1704. As Justice Marshall, concurring in part and dissenting in part in *Grace*, pointed out that a person has every

9

right to assert his First Amendment privilege when he is "in a place where [he] has every right to be." *Citing Brown v. Louisiana*, 383 U.S, 131, 142, 86 S. Ct. 719, 714, 15 L.Ed.2d 637 (1966).

The First Amendment protects the right to take photographs from streets and sidewalks that are considered to be "public forum." Therefore the Defendant cannot be prosecuted for being on a public thoroughfare (sidewalk or street), where his right to take photographs or create recordings is protected. *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1203–04 (9th Cir. 2018); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995). As the court pointed out in *Askins v. United States Dep't of Homeland Security*, 899 F.3d 1035, 1044 (9th Cir. 2018), the right to record law enforcement officers engaging in their duties cannot be prohibited when they are in a public place. The filming of government officials falls squarely within the principles of the First Amendment protections. *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011).

When property has traditionally been open to public use, such as using a sidewalk, the government cannot violate First Amendment rights of free speech, by merely stating that it has an intent to do so. As the court stated in *First Unitarian Church of Salt Lake City v. Salt Lake City Corporation*, 308 F.3d 1114, 1124 (10th Cir. 2002), "objective characteristics are more important than and can override express government intent to limit speech."

. . .

. . .

# V.

## NO NOTICE WAS GIVEN

Even assuming *arguendo* that there was a proper law to prohibit the photographing of the outside or entrance to the military base and/or standing in an area that was considered to be the property of the base, there was and is clearly a requirement of notice to hold the Defendant culpable. There was <u>no signage</u> to indicate to Mr. Springer that he was violating any ordinance and/or statute relating to any state or federal offense.

The Government's witness, Officer Louis Vanderbeek (Training Officer, Directorate of Emergency Services), stated that Mr. Springer could not have known that he was (allegedly) on base property and/or that it was illegal for him to be photographing the area. Apparently there is proper signage at the Van Deman gate, approximately 1.6 miles from the Buffalo Soldiers gate, where no signage was present at that time. Signs have now been placed at the location since this incident. (Police Report of Officer Vanderbeek, 3/20/18, **Exhibit 3).** (Directions Map showing locations and sign in question at Van Deman Gate, **Exhibit 4).**

This case is easily distinguished from the holding *United States v. Vasarajs*, 908 F.2d 443, 445 (9th Cir. 1990), in which the defendant contended that she did not knowingly cross an identifiable border of a military facility, yet, unlike the situation in this case, there was sufficient signing that gave her notice of the boundaries. In this case, there was insufficient evidence to show that Mr. Springer received notice that he

was on military property or could not photograph the area. *United States v. Madrigal-Valadez*, 561 F.3d 370 (4th Cir. 2009).

The Department of the Army has specific regulations that define in detail what must be posted, sign types, language, size, and what may occur, as in this case, if the area is not properly posted. Army Regulation 190-13-Chapter 6. **(Exhibit 5).**

As a result, the "legality principle" must be considered, that states that "conduct is not criminal unless forbidden by law which gives advance warning that such conduct is criminal." 1 W. LaFave & A. Scott, Substantive Criminal Law § 3.1, at 271 (1986). 908 F.2d at 448. The right to impose punishment is "constrained by the principle of legality, the boundaries of which are defined by considerations of due process, fundamental fairness, and just limits on the [government's] deployment of the coercive instruments at its disposal." *United States v. Conigliaro*, ___ F. Supp.3d ___ (USDC Mass. 2019), 2019 WL 2410154 @ *5. The most important need is "to give individuals *fair warning* as to the conduct that could subject them to prosecution." *Id.*

The law supports the fact that the Defendant had to have "known" the "boundaries" of the base in order to believe that he was doing anything illegal or improper. Without actual knowledge, his due process rights were violated due to a lack of notice.

. . .

. . .

. . .

# VI.

## **CONCLUSION**

WHEREFORE, the Defendant requests that this Court dismiss this action as a matter of law as applied to the facts that are undisputed in this case. There are no material facts at issue that would allow the Government to proceed under these statutes.

DATED this  25th   day of July, 2019.

                                          **BARTON & STORTS, P.C.**

                                          *s/ Brick P. Storts, III*
                                          Brick P. Storts, III
                                          Attorney for Defendant

Copy to:

Captain Jasmine N. Little
Special Assistant US Attorney
Office of the Staff Judge Advocate
2387 Hatfield Building 51102
Fort Huachuca, AZ 85613
jasmine.n.little.mil@mail.mil