BARTON & STORTS, P.C.
271 North Stone Avenue
Tucson, Arizona 85701
(520) 882-2802 / (520) 882-5785 (Fax)
Brick P. Storts, III
lawoffice@brickstorts.com
Arizona State Bar No. 004507
Attorney for James Springer

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:CR18-00722 (BGM) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S REPLY TO** |
| v. | ) | **GOVERNMENT'S RESPONSE** |
| | ) | **TO MOTION TO DISMISS** |
| JAMES A. SPRINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW the Defendant, JAMES A. SPRINGER, by and through his attorney, BRICK P. STORTS, III, and hereby replies to the Government's Response to Defendant's Motion to Dismiss, pursuant to the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Government has set forth its beliefs, not "facts" in the instant case. The Government's facts in addition do not comport with the law as they relate to the circumstances and the evidence.

1

## I.  THE DEFENDANT WAS ON PUBLIC PROPERTY

The Government is alleging the defense is taking a "subjective view" of the issues (See Doc. 51, p. 5, line 26), however, it has unilaterally determined that the Defendant "unlawfully entered Fort Huachuca .... to video record a defense installation." (Doc. 51, p. 2, lines 7-9).  The Government also adopted as fact, that the "Defendant entered Fort Huachuca on the sidewalk on the northwest corner of the intersection of Fry Blvd. and Buffalo Trail," concluding that he was "inside five feet of the boundary." (Doc. 51, p. 6, lines 11-12).  The Government has thus admitted that Mr. Springer was, in fact, on the sidewalk.  (Doc. 51, p. 6, lines 11-12).

The Government has not proven by any evidence that the sidewalk was under the ownership and control of the base.  The Government's unilateral determinations cannot substantiate the assertion that Mr. Springer was illegally on the property of Ft. Huachuca, when he was on a public sidewalk.

The defense does not believe that the sidewalk is a non-public site, and the Government has failed to provide any evidence that Ft. Huachuca retained control over the public street and/or sidewalk in the area outside of the boundaries determined to be pertinent.  It is, however, clear from the exhibits provided by both the Defense and the Government, that Mr. Springer was not within a restricted area.

## II. FILMING IS A PROTECTED RIGHT UNDER THE FIRST AMENDMENT

The Government makes a blanket statement, without citing any law, that filming is not a protected right under the First Amendment. (Doc. 51, p. 3, lines 14-20). The Government has failed to provide any factual or legal basis for limiting the public's First Amendment right to free expression under the facts of this case.

## III. FT. HUACHACHA IS A MILITARY INSTALLATION

There is no argument that Ft. Huachuca is a military installation. It is also not argued that, if Mr. Springer had been "inside" of the base, he would not have been permitted to film. The bulk of the evidence, which is supported by the case law, reveals that Mr. Springer was not within the boundaries of Ft. Huachuca at the time.

In its argument, the Government failed to distinguish any of the cases cited by the defense. (See Doc. 47, p. 10). As the Government repeatedly stated, the "commands" that are "inside" Ft. Huachuca, are responsible for classified information. (Doc. 51, p. 4, lines 6-12). There is no evidence that Mr. Springer had access to any classified information.

Under these circumstances, though the "boundaries" were said to include the area where Mr. Springer was standing, there were no specified nor clearly defined boundaries distinguishing the sidewalk as being within the boundaries of Ft. Huachuca. Reasonable citizens would believe that they could properly be on the sidewalk exercising their free speech rights.

Since the Government failed to cite any law to the contrary, this Court must adopt the holding as expressed by Justice Roberts in *United States v. Apel*, 571 U.S. 359, 368, 134 S.Ct. 1144, 1150-1151, 186 L.Ed.2d 75 (2014), (and asserted by the Defendant, Doc. 47, p. 6), that an installation is considered to be a place with very specific, defined boundaries. Under the circumstances of this case, and specifically according to Officer Vanderbeek, there were <u>no signs</u> indicating any boundaries outside of any walls or fences of the entrance to the base. Ft. Huachuca, therefore, cannot claim the use and control over the sidewalk where Mr. Springer was standing.

## IV. "ENTRY" INTO THE INSTALLATION

The Government is without evidence trying to establish that Mr. Springer was inside of the boundaries of Ft. Huachuca, and had "entered" the military installation. An officer stating that the actual "boundaries" of the military installation were knowingly "entered" by Mr. Springer, does not make that fact.

The Government states that Mr. Springer must be guilty, because he need not "physically enter" the installation in order to violate the statute (Doc. 51, p. 4, lines 20-21, p. 5, line 1), and cites no case law. The Government has failed to provide one single case that supported that proposition.

The Government then asserted that control over the "entry" ensures the "security and safety by screening those seeking to gain entry to the installation." In

addition, the Government asserted that the guards at the gate "have exclusive jurisdiction to enforce the law "within Fort Huachuca." (Doc. 51, p. 5, lines 19-22). From that Government language, there is nothing applicable to this case, since the Defendant was situated quite a distance from the actual entrance to the base.

There is absolutely no evidence that Mr. Springer was attempting to "enter," nor was he "within" the military installation. Even if the land were under the control of the base, there is an obvious easement that contains the sidewalk, allowing the general public to be situated without specifically "entering" the base.

The Government is attempting to skirt the issue of "entry" onto the base, and merely attempting to have the Court determine that strict liability should apply. Contrary to that position, due process requires that the Government prove the elements of the charges, first by proving that the sidewalk was non-public, that the Defendant knew it was non-public, and that he had the intent to enter Ft. Huachuca property.

On several occasions in its response, the Government merely asserted its unilateral determination that Mr. Springer, in fact, "entered" the base, and, therefore, is guilty as charged. (See Doc. 51, p. 6, lines 12-14). The Government asserted that "where he was located was inside of the boundaries of Fort Huachuca, he intended

to enter, which satisfies the simple intent needed to demonstrate a violation.." (Doc. 51, p. 7, lines 14-15). It defies logic to determine merely because he was on a sidewalk, that Mr. Springer had the intent to violate a prohibition of filming on base property.

Even assuming the sidewalk was part of the base, there is no evidence that Mr. Springer had an "intent" of "entering" the base property. Since there was no way that he could have known the boundaries that were being used, nor that he "entered" the base.

## V. NO NOTICE.

Once again, the Government has failed to cite to any case law to support the failure of the base to provide any notice that a person on the sidewalk in the city of Sierra Vista, was actually under the control of Ft. Huachuca. The answer to this notice question is found in the holding in *United States v. Vasarajs*, 908 F.2d 443, 447–48 (9th Cir. 1990), cited by the Defendant. In *Vasrajs*, the defendant asserted that she did not realize that she was within the boundaries of the fort, when she entered the road leading to the guard shack. In that case, there is no question that the defendant left the public highway, and the "**requirement** that citizens be provided clear notice of that conduct which is criminally punishable" was provided.

That notice was not sufficiently provided when Officer Fisher confronted Mr. Springer, as alleged by the Government. (Doc. 51, p. 11, lines 6-17). The Government pointed to Officer Fisher's statements to Mr. Springer that he cease filming and put down his camera. (Doc. 51, p. 11, lines 13-14). Officer Fisher never informed Mr. Springer of what law he might have been breaking, although asked by Mr. Springer numerous times. (Doc. 51, Exhibit 2, p.1).

Notwithstanding the fact that Officer Fisher never told the Defendant what law he was violating, his command for the Defendant to put down his camera is not the type of "notice" envisioned by the courts. Clearly notice had to have been provided to the public prior to that confrontation, and the Government's argument that it was sufficient after the fact has no merit.

"Conduct is not criminal unless forbidden by law, which gives **advance warning** that such conduct is criminal." 1 W. LaFave & A. Scott, Substantive Criminal Law § 3.1, at 271 (1986). Due process requires notice that "adequately puts citizens on notice of what is illegal. *United States v. Vasarajs*, 908 F.2d at 448, citing *Pope v. Illinois*, 481 U.S. 497, 517, 107 S.Ct. 1918, 1929, 95 L.Ed.2d 439 (1987) (Stevens, J., dissenting). That did not take place in this case.

## VI.  THE GOVERNMENT CANNOT ABSOLVE ITSELF FROM PROVING ALL CHARGES BEYOND A REASONABLE DOUBT

The Government's assertion that the Defendant has admitted any culpability whatsoever on any of the charges is incorrect.  (Doc. 51, p. 13, lines 20-21).  The Government seems to ignore the basic, constitutional requirements of law by ignoring the presumption of innocence and its obligation to prove every element of every charge beyond a reasonable doubt.

There is no question that if Mr. Springer were absolved of culpability because he was not on the property of Ft. Huachuca and he was not filming a "military installation" from that public vantage point, he would effectively be absolved of culpability for any additional charges.  The Government is making a unilateral determination that Mr. Springer improperly filmed a "military installation." (Doc. 51, p. 12, lines 25-26).

Lastly, once a determination of whether or not Mr. Springer was on public property with the proper notice that he was in a restricted area at the time, Officer Fisher would still have to prove he had the necessary reasonable suspicion to stop and confront Mr. Springer.  (See Doc. 51, p. 12, lines 3-9).  Mr. Springer's Fourth Amendment rights were violated under these circumstances.

Even if Officer Fisher were acting in good faith, that would not make the stop proper. As the court pointed out in *United States v. Davis*, 692 F. Supp. 2d 594, 601 (E.D. Va. 2010), most circuits have rejected reliance on the "good faith" exception when an officer makes a stop based on a mistake of law. *United States v. McDonald*, 453 F.3d 958, 962 (7th Cir. 2006)("A stop based on a subjective belief that a law has been broken, when no violation actually occurred, is not objectively reasonable."); *United States v. Chanthasouxat*, 342 F.3d 1271, 1279–80 (11th Cir. 2003)(agreeing with the Fifth and Ninth Circuits that the good faith exception established under *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed. 2d 677 (1998), should not be permitted to excuse a search based on an officer's mistake of the law); *United States v. Lopez-Valdez*, 178 F.3d 282, 289 (5th Cir. 1999). As the Ninth Circuit Court of Appeals stated court in *United States v. Lopez-Soto*, 205 F.3d 1101, 1106 (9th Cir. 2000):

> We have no doubt that Officer Hill held his mistaken view of the law in good faith, but there is no good-faith exception to the exclusionary rule for police who do not act in accordance with governing law. See *United States v. Gantt*, 194 F.3d 987, 1006 (9th Cir.1999). To create an exception here would defeat the purpose of the exclusionary rule, for it would remove the incentive for police to make certain that they properly understand the law that they are entrusted to enforce and obey.

9

# CONCLUSION

The Defendant requests that this Court dismiss the allegations in this case in light of the Government's failure to present either a factual or a legal basis to sustain the charges.

DATED this __9th__ day of August, 2019.

**BARTON & STORTS, P.C.**

_s/ Brick P. Storts, III_
Brick P. Storts, III
Attorney for Defendant

Copy to:

Jasmine Little
Special Assistant United States Attorney
Office of the Staff Judge Advocate
2387 Hatfield Building 51102
Fort Huachuca, AZ 85613
jasmine.n.little.mil@mail.mil